IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELEANOR CLIFFORD,

                              OPINION and ORDER

               Plaintiff,

                              11-cv-548-bbc

    v.

MERCY HEALTH SYSTEM CORP.,
RONALD GARCIA, M.D.,
KRISTEN M. GOELZER, M.D. and
KAUSERUZZAMAN A. KAHN, M.D.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Eleanor Clifford has filed this proposed civil action and has submitted an affidavit of indigency showing that she may proceed without any prepayment of fees or costs. Because plaintiff is proceeding in forma pauperis, I must screen her complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). After considering plaintiff's complaint, I find that she is alleging only state law claims over which this court has no jurisdiction, so I must dismiss this case without prejudice.

ALLEGATIONS OF FACT

Plaintiff Eleanor Clifford has been a patient of several doctors employed by defendant

1

Mercy Health System Corp. In the past, plaintiff has sustained "intentional vaccine injuries," but Mercy health System has "displayed wanton disregard for the welfare of" plaintiff by concealing these facts from her.

Plaintiff has been treated by defendants Ronald Garcia and Kristen Goelzer, doctors employed by defendant Mercy Health System. Garcia and Goeltzer concealed "all true medical facts and past act(s)" from plaintiff and conspired to "allow the future act[s]" of "intentional vaccine injury" and "intentional involuntary euthanasia" to plaintiff. Also, Goeltzer concealed medical information about plaintiff's sibling Ivy from plaintiff.

Defendant Kauseruzzman Khan, another doctor employed by defendant Mercy Health System, intentionally falsified a medical report to show that defendant Goelzer was plaintiff's primary care physician instead of Khan. Khan then concealed "all true medical facts and past act(s)" from plaintiff, denied plaintiff access to the "proper level of physician care specialist" and subjected plaintiff to flu and pneumonia vaccines containing thimerosal, causing her severe mental injury.

DISCUSSION

Plaintiff alleges that defendants have given her harmful medical treatment and kept medical information from her. Although these allegations are very serious, they amount to state-law medical malpractice claims, over which this court does not have jurisdiction. This means that I must dismiss the case without prejudice, but plaintiff remains free to refile her claims in state court.

I note further that in her request for relief, plaintiff asks the court to submit her complaint "to the grand jury for the purpose of a hearing." However, federal courts do not have the authority to order law enforcement officials to conduct investigations into potential criminal misconduct. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." <u>United States v. Batchelder</u>, 442 U.S. 114, 124 (1979). If plaintiff seeks a criminal investigation she should contact law enforcement authorities directly.

ORDER

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE to plaintiff's refiling her claims in state court.

Entered this 20th day of September, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3